UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH L. FILIPPONE,

    Plaintiff,
v.                        CASE NO.: 8:18-cv-2503-T-33AAS

CP CLEARWATER, LLC, and COLUMBIA
SUSSEX MANAGEMENT, LLC d/b/a Hilton
Clearwater Beach Resort,

    Defendants.
_____/

### **ORDER**

This cause comes before the Court pursuant to Plaintiff Keith L. Filippone's Motion to Remand (Doc. # 4), which was filed on October 22, 2018. On October 30, 2018, Defendants CP Clearwater, LLC and Columbia Sussex Management, LLC responded to the Motion. (Doc. # 9). For the reasons that follow, the Motion to Remand is denied.

### **I.  Background**

On March 8, 2016, Filippone was staying as a guest at Defendants' Hilton hotel in Clearwater, Florida, when a headboard fell off the wall, striking him. (Doc. # 1-2 at ¶¶ 1-8). On August 9, 2017, Filippone sent Hilton a pre-suit demand letter stating that, as a result of the injury from the headboard, Filippone had to undergo spinal surgery, was permanently disabled, incurred "$111,828.50+" in medical bills, and therefore demanded $750,000.00. (Doc. # 1-9).

On April 18, 2018, Filippone filed an action in the Sixth Judicial Circuit in and for Pinellas County, Florida, alleging negligence against Hilton. (Doc. # 1 at ¶ 1). Filippone filed an Amended Complaint on May 10, 2018, to correct the name of the Defendants to "CP Clearwater, LLC and Columbia Sussex Management, LLC d/b/a Hilton Clearwater Beach Resort." (Id.). Defendants indicate that "it was not clear from the face of the Amended Complaint whether removal was appropriate." (Id. at ¶ 4). Thus, on August 9, 2018, Defendants propounded discovery directed toward the amount in controversy and Filippone's citizenship. (Id.). On September 10, 2018, Filippone responded to discovery and stated: "Current damages are approximately $130,000.00 but are subject to change as discovery is ongoing and continued medical care is unknown at this time." (Doc. # 1-6). Filippone also confirmed that he is a citizen of Florida. (Id.).

Defendants removed the case on October 10, 2018, pursuant to 28 U.S.C. § 1446(b)(3). (Doc. # 1). On October 22, 2018, Filippone filed a Motion to Remand. (Doc. # 4). Filippone argues that the October 12, 2018, Notice of Removal was untimely because Defendants knew the action was removable well before any discovery was exchanged. In the alternative,

Filippone asserts that the amount in controversy has not been satisfied. As explained below, the Motion is denied.

## II. Discussion

When jurisdiction is premised upon diversity of citizenship, as is the case here, 28 U.S.C. § 1332(a) requires that the parties be citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

### A. Diversity Requirements

For a natural person, a complaint must allege citizenship, not residence, to establish diversity. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011). For purposes of establishing diversity of citizenship, the citizenship of a limited liability company is determined by the citizenship of its members. Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004).

Defendants have met their burden of establishing complete diversity of citizenship. Plaintiff Filippone is a citizen of Florida. (Doc. # 1 at ¶ 9). Defendant CP Clearwater LLC is a foreign LLC organized under the laws of Delaware. (Id. at ¶ 11). CP Clearwater LLC's sole member is Columbia Sussex Corporation, which is a Kentucky corporation with its

principal place of business in Crestview Hills, Kentucky. (Id.). Defendant Columbia Sussex Management, LLC is a Kentucky LLC and its sole member is also Columbia Sussex Corporation. (Id. at ¶ 12). Therefore, Defendants are citizens of Kentucky, and the parties are completely diverse.

**B.  Amount in Controversy**

Although the jurisdictional minimum is $75,000.00, Filippone's operative Complaint only specifies that he seeks an amount in excess of $15,000.00. (Doc. # 1-2 at ¶ 1). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Further, if "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, Defendants received a demand letter describing serious injuries and hospitalization. After the lawsuit was filed, Defendants propounded discovery in an effort to ascertain whether the case was removable. A number of federal courts, including the present Court, have held that settlement

offers stated in demand letters do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)("A settlement offer is relevant but not determinative of the amount in controversy.").

Instead, courts have analyzed whether demand letters merely "reflect puffing and posturing," or whether they provide "specific information to support the plaintiff's claim for damages" and thus offer a "reasonable assessment of the value of [the] claim." Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)); Piazza, 2010 WL 2889218, at *1 ("a settlement demand provides only marginal evidence of the amount in controversy because the 'plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages' sought by the plaintiff.").

Upon review, this Court finds that the detailed demand letter presented in this case, offering to settle for $750,000.00, is not an instance of mere puffery. Instead, the

letter described Filippone's hospitalization and medical treatment. In addition, the letter was accompanied by medical records as well as invoices for medical care in excess of $111,000.00. And, when Filippone responded to Defendants' discovery in state court, he confirmed that his medical bills exceed $130,000.00. The Court accordingly determines that the amount in controversy has been met.

### C. Timeliness of Removal

"Federal courts are directed to construe removal statutes strictly . . . and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Ins. Crime Bureau, Inc., 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). "A removing defendant has the burden of establishing both federal jurisdiction and compliance with the procedures for removal set forth in 28 U.S.C. § 1446, as a matter of fact and law." Sibilia v. Makita Corp., 674 F. Supp. 2d 1290, 1291 (M.D. Fla. 2009). The timing of removal is controlled by 28 U.S.C. § 1446(b)(1), which states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has

> then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"The thirty day period is not jurisdictional, but is rather a strictly applied rule of procedure that may not be extended by the court." Torres v. AIG Claim Servs., Inc., 957 F. Supp. 1271, 1273 (S.D. Fla. 1997).  However, while the removal period is mandatory, it may be "waived by the parties by affirmative conduct or unequivocal assent." Liebig v. DeJoy, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993)(internal citation omitted).

Filippone argues that the October 10, 2018, removal was untimely because Defendants were in possession of the August 2017, pre-suit demand letter at the time the lawsuit was filed, and at the time the Amended Complaint was filed.  The Court rejects this argument.  There is no doubt that information received before a lawsuit is filed, such as a demand letter, may be relevant to whether a case may be removed.  However, pre-suit demand letters and other information considered before a complaint is filed do not trigger the 30-day time limitation for filing a notice of removal. See Sullivan v. Nat'l Gen. Ins. Online, Inc., No. 3:17-cv-1387-J-32PDB, 2018 WL 3650115, at *6 (M.D. Fla. April 17, 2018).

In Sullivan, the defendant removed after receiving discovery responses confirming that the requirements for complete diversity were met. Id. at *3. The plaintiff sought remand under the theory that removal was untimely. The plaintiff argued that a Civil Remedy Notice of Insurer Violation prepared months before the complaint was ever filed showed that the amount in controversy exceeded $75,000.00, and further argued that public records and pre-litigation letters easily showed that he was a citizen of Florida. Id. The court rejected the plaintiff's arguments concerning the timeliness of removal, explaining that "it is axiomatic that a case cannot be removed before its inception." Id. at *7. That court noted that a defendant's 30-day deadline for removal is triggered by either "the pleading or any post-litigation 'other paper,' 28 U.S.C. § 1446(b)(3), from the plaintiff." Id. at *6.

Here, the Defendants were faced with several communications from Filippone. When Defendants received the 2017, pre-suit demand letter, they had reason to believe that they faced a lawsuit with the amount in controversy in excess of $75,000.00. However, at that time, there was nothing to remove because the lawsuit had not yet been filed. Then, Defendants were served with the state court Complaint and then

8

Amended Complaint. Those documents did not provide a basis for removal because, inter alia, they did not discuss Filippone's citizenship. However, anticipating that the case was likely removable, Defendants propounded discovery regarding Filippone's citizenship and the amount in controversy. On September 10, 2018, Defendants received discovery responses from Filippone confirming that Filippone is a citizen of Florida and stating the amount in controversy exceeds $75,000.00. At that point, but not before, the case became removable. Defendants timely removed the case on October 10, 2018.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Keith L. Filippone's Motion to Remand (Doc. # 4) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 9th day of November, 2018.

_/s/ Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE